**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**LELAND CROWELL ARWINE,**
     Plaintiff,

**v.**                          **Case No. 2:21-cv-24-CLM-NAD**

**CURTIS RIGNEY, et al.,**
     Defendants.

### MEMORANDUM OPINION

The magistrate judge has entered a report, recommending the court dismiss this case under 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. (Doc. 18). Arwine has filed timely objections to the report and recommendation. (Doc. 20).

According to Arwine, Defendant Rigney, who is the Alabaster Police Chief, denied him an attorney, searched his vehicle without a warrant, arrested him without a warrant, and allowed officers to unlawfully arrest Arwine and search his home without a warrant. (*Id.* at 2). Arwine's objections to the magistrate judge's recommendation that the court dismiss his claims against Rigney focus only on the search of his vehicle. (*Id.*). In his objections, Arwine asserts that the "fruit of the poisonous tree" doctrine prohibited the admission of any evidence recovered from that search.[1] (*Id.*).

But in his amended complaint, Arwine alleged only that "Curtis Rigney . . . went through my vehicle without a warrant . . . ." (Doc. 16 at 6). Arwine did not claim that anything was seized from his vehicle. (*Id.*). Nor did he plead any facts that would suggest that this alleged warrantless search was

---

[1] The "fruit of the poisonous tree" doctrine concerns suppression of evidence in criminal proceedings. *See, e.g.*, *United States v. Tinnmann*, 741 F.3d 1170, 1182 (11th Cir. 2013). But Arwine's "fruit of the poisonous tree" argument cannot support his § 1983 claims against Rigney. *See Black v. Wigington*, 811 F.3d 1259, 1267–68 (11th Cir. 2016) (noting that the exclusionary rule is not a "personal constitutional right" or a requirement of the Fourth Amendment and holding that "the exclusionary rule does not apply in a civil suit against police officers"). So even if the court allowed Arwine to raise this claim for the first time in his objections to the report and recommendation, it would fail.

unconstitutional or unreasonable. (*Id.*). Arwine's "naked assertion" of a constitutional violation devoid of "further factual enhancement" fails to state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though Arwine wasn't required to provide "detailed factual allegations," he had to allege something more than an "unadorned, the defendant-unlawfully-harmed-me" accusation. *Id.* (citation omitted). Arwine's amended complaint failed to meet this minimal pleading standard, so the court agrees with the magistrate judge's recommendation to dismiss Arwine's claims against Rigney.

Arwine's other objection addresses his claim that Lieutenant Summers and Sheriff Samaniego violated his due process rights by not allowing him access to a law library and denying him access to legal materials. (Doc. 20 at 2). But as the magistrate judge explained, no constitutional right to a law library exists. (*See* Doc. 18 at 12–14). Rather, law libraries, legal materials, and legal counsel are each a way to provide access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 830 (1977), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996), ("while adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision here . . . does not foreclose alternative means to achieve that goal.").

Plus, to state a viable claim arising from a denial of access to the courts, an inmate must show that he suffered an actual injury, meaning that his "efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in the legal assistance program or by an official's action." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). "[A] plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." *Wilson v. Blakenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (citation omitted).

Arwine has alleged only that Samaniego and Summers denied him access to legal materials and a law library. (Doc. 16 at 6–8). He has not alleged any actual injury. And Arwine's failure to identify any nonfrivolous action he could not pursue because of his lack of access to a law library or other legal materials dooms his access to the courts claim. *See Wilson*, 163 F.3d at 1290–91 (requiring that a plaintiff show that the lack of alleged

access to the courts resulted in the "denial or dismissal of a direct appeal, habeas petition, or civil rights case").

Having reviewed and considered de novo all the materials in the court file, including the report and recommendation, the court **OVERRULES** Arwine's objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b) the court will **DISMISS** this case **WITHOUT PREJUDICE** for failure to state a claim upon which relief could be granted.

The court will enter a separate final judgment that closes this case.

**Done** on October 4, 2023.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE